**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

<table>
<tr><td>

KARINA ELIZABETH PONCE-ELIAS,
AKA Estefany Ponce-Elias,

    Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

    Respondent.

</td><td>

No. 19-70808

Agency No. A208-449-743

MEMORANDUM[*]

</td></tr>
</table>

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 15, 2021[**]
San Francisco, California

Before: MURGUIA and CHRISTEN, Circuit Judges, and LEFKOW,[***] District
Judge.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Joan H. Lefkow, United States District Judge for the
Northern District of Illinois, sitting by designation.

Petitioner, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' (BIA) decision denying her applications for withholding of removal and protection under the Convention Against Torture (CAT). We have jurisdiction pursuant to 8 U.S.C. § 1252. We grant the petition and remand to the BIA for further consideration.[1]

The opening brief prepared by petitioner's counsel contains several errors. Most concerning, the section of the brief addressing petitioner's CAT claim appears to have been written for an unrelated case. This section of the brief refers to petitioner as "a convenience store employee [who] was robbed at gun point" and threatened with being kidnapped. These facts do not appear anywhere in the administrative record for petitioner, and the only record citation in this section refers to the record in an entirely different case. Although this error was conspicuously raised in the government's answering brief, petitioner's counsel did not attempt to acknowledge, explain, or correct this oversight.

1. The BIA's conclusion that petitioner's proposed particular social group was incognizable was not supported by the case-by-case analysis required by the BIA's precedents as explained in our recent decision in *Diaz-Reynoso v. Barr*, 968

_____

[1]     Because the parties are familiar with the facts, we recite only those facts necessary to resolve the issues on appeal.

2

F.3d 1070 (9th Cir. 2020). Specifically, the BIA concluded petitioner's proposed social group of "young women who are abused by their fathers in El Salvador and who are unable to flee because they are also targeted by the criminal gangs in El Salvador" was "not cognizable because it is defined with reference to the persecution itself." But "the mere mention of harm does not categorically disqualify an otherwise cognizable social group." *Diaz-Reynoso*, 968 F.3d at 1085. Rather, the BIA must conduct a case-by-case analysis to determine whether the group is "defined *exclusively* by the fact that its members have been subjected to harm." *Id.* at 1086 (emphasis added) (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 242 (BIA 2014)). Because the BIA failed to conduct the required case-by-case analysis here, we remand petitioner's asylum and withholding claims to the BIA for further consideration of in light of *Diaz-Reynoso*.[2]

2. The BIA applied the incorrect legal standard when it concluded petitioner was not entitled to protection under CAT. The BIA reasoned "[petitioner] ha[d] not shown that anyone in the El Salvadoran government would *affirmatively consent or acquiesce* to her torture" (emphasis added). This is an incorrect statement of the standard applicable to CAT claims. It is well established that the

---

[2] Though the BIA invoked Matter of *A-B-* in its decision, petitioner's brief urges us to remand to the BIA for consideration of that case. At this point, the intervening authority that requires reconsideration is *Diaz-Reynoso*.

government's *tacit* consent or acquiescence to torture is sufficient to entitle an applicant to CAT relief. *Zheng v. Ashcroft*, 332 F.3d 1186, 1196 (9th Cir. 2003) ("The correct inquiry . . . is whether a respondent can show that public officials demonstrate 'willful blindness' to the torture of their citizens by third parties, or as stated by the Fifth Circuit, whether public officials 'would turn a blind eye to torture.'" (citation omitted)). Because "affirmatively consent or acquiesce" connotes a higher degree of culpability than mere "acquiescence," "awareness," "willful blindness," and "willful acceptance," the BIA applied a higher legal standard to deny petitioner's claim for CAT relief. *See Ornelas-Chavez v. Gonzales*, 458 F.3d 1052, 1059 (9th Cir. 2006). Accordingly, we remand to the BIA to reconsider petitioner's claim for CAT relief under the appropriate standard.

**PETITION GRANTED; REMANDED.**